# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:17-CV-169-DCK

| | |
|---|---|
| MELISSA ANN BURR, | ) |
| Plaintiff, | ) |
| | ) ORDER |
| v. | ) |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 7) and Defendant's "Motion For Summary Judgment" (Document No. 8). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will direct that Plaintiff's "Motion For Summary Judgment" be <u>denied</u>; that "Defendant's Motion For Summary Judgment" be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

## I. BACKGROUND

Plaintiff Melissa Ann Burr ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On or about June 24, 2014, Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, <u>and</u> for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning August 8, 2013. (Transcript of the Record of Proceedings ("Tr.") 44, 200, 204).

The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on or about August 18, 2014, and again after reconsideration on November 13, 2014. (Tr. 44, 123, 133). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> On your application you stated that you are disabled because of rheumatoid arthritis, back injury, hardware in back, pain, and inflammation, and high blood pressure. The medical evidence shows that your condition is not severe enough to be considered disabling. We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 133).

Plaintiff filed a timely written request for a hearing on January 13, 2015. (Tr. 44, 150). On December 14, 2016, Plaintiff appeared and testified at a hearing before Administrative Law Judge Michelle D. Cavadi (the "ALJ"). (Tr. 44, 62-86). In addition, Barbara Azzam, a vocational expert ("VE"), and Robert A. Whitlow, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on January 25, 2017, denying Plaintiff's claim. (Tr. 44-56). On March 20, 2017, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on August 9, 2017. (Tr. 1-4, 198). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on November 21, 2017. (Document No. 1). On December 12, 2017, the parties consented to Magistrate Judge jurisdiction in this matter. (Document No. 6).

Plaintiff's "Motion For Summary Judgment" (Document No. 7) and "Plaintiff's Memorandum Of Law In Support Of Motion For Summary Judgment" (Document No. 7-1) were filed January 23, 2018; and "Defendant's Motion For Summary Judgment" (Document No. 8) and "Memorandum Of Law In Support Of Defendant's Motion For Summary Judgment" (Document No. 9) were filed March 27, 2018.[1] Plaintiff declined to file a reply brief, and the time to do so has lapsed. See Local Rule 7.2 (e).

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

---

[1] The undersigned notes that "Plaintiff's Memorandum…" (Document No. 7-1) does not comply with the Court's Local Rule regarding the briefing of social security cases. See Local Rule 7.1(b)(1).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between June 24, 2014, and the date of her decision.[2] (Tr. 56). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of

---

[2] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

> impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled;  and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps;  if the claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203.  In this case, the ALJ determined at the fifth step that Plaintiff was not disabled.  (Tr. 54-56).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since August 8, 2013, her alleged disability onset date.  (Tr. 46).  At the second step, the ALJ found that rheumatoid arthritis;  diabetes mellitus with neuropathy;  obesity;  hypertension;  and history of two back surgeries secondary to lumbar degenerative disk disease, were severe impairments.[3]  (Tr. 47).  At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1.  (Tr. 47).

---

[3] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage.  See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work activity, with the following limitations:

> she can only occasionally climb ramps and stairs, but she can never climb ladders, ropes, or scaffolds; she can occasionally kneel, crawl, crouch, stoop, and balance; she must avoid concentrated exposure to hazards; she can frequently handle and finger; and she cannot tolerate repetitive reaching overhead.

(Tr. 49). In making her finding, the ALJ stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSR 96-4p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work as a housekeeper, or hospital cleaner. (Tr. 54). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 55). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a photocopy editor, a mail clerk, and an inspector. (Tr. 55). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between August 8, 2013, and the date of her decision, January 25, 2017. (Tr. 56).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ erred in giving little weight to any medical evidence in the record, rendering a decision based upon her own medical opinion; (2) the ALJ's RFC assessment is conclusory and without supporting medical evidence in the record as required by SSR 96-8p; (3) the ALJ erred in failing to consider Plaintiff's pain in formulating a residual functional capacity assessment in violation of SSR 96-

6

7p; (4) the ALJ erred in failing to give proper weight and consideration to the opinion of Plaintiff's long-term treating rheumatologist, D. Dennis Payne, M.D. ("Dr. Payne"), and treating Board certified family practice physician, John P. Velasco, M.D. ("Dr. Velasco"), as required by SSR 96-2p and 260 C.F.R. § 404.1527; and (5) the ALJ erred in failing to consider Plaintiff's ability to obtain treatment as required by the SSR 96-7p. (Document No. 7-1, p. 10). The undersigned will discuss each of these contentions in turn.

A.  **Weight of the Medical Evidence in the Record**

In the first assignment of error, Plaintiff argues that the ALJ gave little or no weight to any medical evidence in the record and rendered a decision based upon her own medical opinion. (Document No. 7-1, p.10). Plaintiff asserts that where an ALJ rejects evidence, the Fourth Circuit requires the ALJ to identify and specifically reference the evidence supporting her rejection. (Document No. 7-1, p. 10-11) (citing Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985)).

In response, Defendant asserts that the ALJ properly weighed all the available evidence and found that "the evidence did not show that Plaintiff was disabled." (Document No. 9, p. 6). Specifically, Defendant argues that the ALJ found Plaintiff's rheumatoid arthritis was adequately controlled with treatment. Id. (citing Tr. 52, 293, 296, 299). Further, the ALJ properly discussed all the evidence relating to Plaintiff's other claims and similarly found evidence of Plaintiff's ailments responding well to treatment. Id. (citing Tr. 51, 436). Defendant contends that the ALJ cited substantial medical evidence in the record, thereby defeating the claim that she gave little or no weight to Plaintiff's medical evidence. (Document No. 9, p. 7). Defendant also notes that Plaintiff has not cited "any particular piece of evidence that should have been given additional weight." Id.

7

The undersigned finds that the ALJ did not render a decision based on her own opinion. The ALJ provided adequate explanation and support for her finding that the evidence presented did not show that Plaintiff was disabled. See (Tr. 50-54) (citing Tr. 293, 296, 299, 302, 307, 309, 311, 324, 327, 330, 459, 461, 465). Therefore, the ALJ fulfilled the requirements set forth by the Fourth Circuit in Hammond. Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985) (holding that where an ALJ makes credibility determinations she should specifically identify the evidence informing her conclusion).

**B.    RFC**

Next, Plaintiff argues that the ALJ's RFC assessment is conclusory and without supporting medical evidence in the record. Plaintiff maintains that "[t]here is no medical evidence in the record supporting this RFC." (Document No. 7-1, p. 11). Plaintiff explains that the ALJ gave "little weight" to the medical assessments conducted and that the only functional impairment evaluation performed limited Plaintiff to "less than a full range of sedentary work." Id. (citing Tr. 373-374). Plaintiff states that "[a]n RFC must be based upon medical evidence," and that the instant case is not in line with the Fourth Circuit's ruling in Mascio v. Colvin, 780 F.3d 632 (2015). (Document No. 7-1, p. 12) (citing SSR 83-10, 1983 WL 31251, at *7 (January 1, 1983)).

In response, Defendant asserts the ALJ sufficiently explained the evidentiary support for her finding that Plaintiff could perform light work with additional limitations. (Document No. 9, p. 7-8) (citing Tr. 50-54). Defendant argues that it is the duty of the ALJ to evaluate and decide Plaintiff's RFC, and the RFC should be decided based on all the relevant evidence in the record. (Document No. 9, p. 8) (citing 20 C.F.R. §§ 404.1545(a), 416.945(a)). Defendant further argues that the ALJ properly addressed all the evidence of record, including each medical opinion. (Document No. 9, p. 9) (citing Tr. 52-54).

The undersigned finds the ALJ's RFC assessment is supported by sufficient evidence in the record. The RFC "is an administrative assessment made by the Commissioner on **all** the relevant evidence in the case record." Felton-Miller v. Astrue, 459 F.App'x 226, 230-231 (4th Cir. 2011) (emphasis added). First, the ALJ explained that the medical opinions of Dr. Payne and Dr. Velasco were inconsistent throughout the record and were therefore afforded "little weight." (Tr. 53) (citing Tr. 296, 299, 302, 450). Next, the ALJ consulted an opinion in the record of a State agency medical consultant (the "Consultant"), who opined that Plaintiff "could perform a reduced range of medium work." (Tr. 53) (citing Tr. 110, 119). Further, the Consultant has knowledge of the disability program and "had access to all of the medical evidence of record when offering an opinion." (Tr. 53). The ALJ noted that the Consultant's opinion was not based on the complete record because the record was further developed at the hearing level. (Tr. 54). Therefore, the ALJ, considering additional evidence, determined Plaintiff was only capable of "light" work with additional limitations. (Tr. 49, 54).

Additionally, the ALJ found that Dr. Velasco "reli[ed] on Dr. Payne's opinions without any supporting objective evidence." (Tr. 53). As explained above, the ALJ thoroughly examined the medical record as well as the Consultant's opinion in her determination of Plaintiff's RFC.

C. **Assessment of Pain**

Next, Plaintiff argues that the ALJ erred in failing to consider Plaintiff's pain in formulating her RFC assessment. (Document No. 7-1, p. 12). Plaintiff asserts that the ALJ did not consider the pain questionnaire completed by Dr. Payne. Id. (citing Tr. 450-451). Plaintiff cites Craig v. Chater, arguing that where there is evidence of pain, an ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [her] ability to work."

9

(Document No. 7-1, p. 13) (citing Craig v. Chater, 76 F.3d 585, 595 (4th Cir. 1996)) (citing 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1)).

In response, Defendant asserts that the ALJ properly analyzed Plaintiff's subjective claims of pain and that Plaintiff's claims did not match up with the objective evidence in the record. (Document No. 9, p. 12). Defendant explains that "[t]he ALJ must consider whether there are inconsistencies or conflicts in the evidence," and that Plaintiff's symptoms will only reduce the ability for work activities "to the extent that the alleged limitations and restrictions due to the symptoms can reasonably be accepted as consistent with the objective medical evidence." (Document No. 9, p.13) (citing 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4); Craig v. Chater, 76 F.3d 585, 595-96 (4th Cir. 1996)). Defendant maintains that the ALJ properly discussed relevant medical evidence supporting the ALJ's finding that Plaintiff's subjective claims were "inconsistent with evidence of improvement with treatment." (Document No. 9, p. 14) (citing Tr. 50-54) (citing Tr. 461). Finally, Defendant contends that remand is inappropriate because Plaintiff's "symptoms were reasonably controlled by medication and treatment, [therefore] it was reasonable for the ALJ to determine that they did not affect Plaintiff's ability to work." (Document No. 9, p. 15) (citing Horning v. Colvin, No. 3:14-CV-722-RJC, 2016 WL 1123103 at *4 (W.D.N.C. Mar. 21, 2016)) (citing Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986)).

The undersigned is not persuaded the ALJ erred in her assessment of Plaintiff's pain. As explained in Gross v. Heckler, "[i]f a symptom can be reasonably controlled by medication or treatment, it is not disabling." 785 F.2d 1163, 1166 (4th Cir. 1986). Here, the ALJ references significant evidence that Plaintiff's pain was reasonably controlled with the appropriate medication. See (Tr. 50-52) (citing Tr. 293, 296, 299, 302, 307, 309, 311, 324, 327, 330, 459, 461, 465).

**D.      Weight Given to the Opinions of Plaintiff's Treating Physicians**

Next, Plaintiff argues that the ALJ erred in failing to give proper weight and consideration to the opinion of Plaintiff's long-term treating rheumatologist, Dr. Payne, and her treating family practice physician, Dr. Velasco.  (Document No. 7-1, p. 13).  Plaintiff asserts that an ALJ is required to give good reasons for the weight given to a treating source's opinion.  Id. (citing 20 C.F.R. §§ 404.157(d)(2), 416.927(d)(2)).  Plaintiff continues, stating that "the opinion of a treating physician must be granted deference and weighed using all the factors set forth in 20 C.F.R. §§ 404.1527, 416.927."  (Document No. 7-1, p. 15).  Plaintiff cites Macon v. Astrue, maintaining that an ALJ must provide good reason in undermining a treating physician's opinion in order to survive remand.  (Document 7-1, p. 16) (citing Macon v. Astrue, 2009 WL 890288, at *4 (E.D.N.C. Mar. 31, 2009)).  Plaintiff contends that here, the ALJ "simply rejected all the medical evidence!" (Document No. 7-1, p. 16).

In response, Defendant asserts that the ALJ properly cited and explained her reasoning for affording little weight to the opinions of Dr. Payne and Dr. Velasco.  (Document No. 9, p. 15). First, Defendant argues that the ALJ explained how she found Dr. Payne's opinion inconsistent and "largely unsupported by . . . the objective findings and medical impressions contained in Dr. Payne's treatment notes."  (Document No. 9, p. 10) (citing Tr. 52-53).  The ALJ cited specific evidence where Dr. Payne's notes repeatedly showed mild to moderate findings or instances where Plaintiff's symptoms improved.  (Document No. 9, p. 10) (citing Tr. 50-53) (citing Tr. 293, 296, 299, 302, 307, 309, 311, 324, 327, 330, 465).  Defendant explains that the ALJ compared the mild findings with the extreme limitations that were included in Dr. Payne's opinions.  (Document No. 9, p.11) (citing Tr. 52-53) (citing Tr. 450, 464-465).  Next, Defendant contends that Dr. Velasco has only treated Plaintiff since April 2016, and that his opinion was comprised of "checkbox

11

statements," including his concurrence with Dr. Payne's assessment. (Document No. 9, p.11) (citing Tr. 430). Dr. Velasco's examination findings were also "consistently normal or mild with regard to pain and rheumatoid arthritis, aside from a single statement regarding 'moderate' back pain." (Document No. 9, p.11) (citing Tr. 437, 442, 444).

The undersigned finds the ALJ gave proper weight to the opinions of Dr. Payne and Dr. Velasco. The ALJ provided sufficient justification for giving little weight to Plaintiff's treating physicians, and the ALJ's decision should be acceptable under Macon. See Macon v. Astrue, 2009 WL 890288, at *4 (E.D.N.C. Mar. 31, 2009) (holding that remand is inappropriate where an ALJ has shown persuasive contradictory evidence in the record undermining the treating physician's opinion and the ALJ provides an adequate explanation of her decision). The ALJ referenced several instances where Dr. Payne and Dr. Velasco found Plaintiff to have mild or normal symptoms over the course of her treatment. (Tr. 50-53) (citing Tr. 293, 296, 299, 302, 307, 309, 311, 324, 327, 330, 465). These instances conflict with Dr. Payne's findings that Plaintiff would be off task due to pain. (Tr. 53) (citing Tr. 450). The Fourth Circuit has held that, "if a physician's opinion . . . is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 1996). In short, the ALJ adequately explained that she gave little weight to Plaintiff's treating physicians due to the conflicting evidence that she found in the record. (Tr. 50-53).

E.    **Consideration of Plaintiff's Ability to Obtain Treatment**

Finally, Plaintiff argues that the ALJ erred in failing to consider Plaintiff's ability to obtain treatment as required by SSR 96-7p. (Document No. 7-1, p. 17). Plaintiff maintains that an ALJ is not allowed to draw inferences about Plaintiff's symptoms from a failure or inability to receive treatment "without first considering the evidence of record which may explain the absence of this

treatment." Id. Plaintiff further explains that financial inability is one of the criteria identified in SSR 96-7p and that the ALJ failed to consider it in the present case. Id.

In response, Defendant asserts that there is no support for the implication "that the ALJ drew an improper inference" from Plaintiff's inability to get treatment. (Document No. 9, p.16). Defendant explains that the ALJ repeatedly discussed Plaintiff's worsening symptoms when Plaintiff was unable to afford treatment. Id. (citing Tr. 50-52). However, Defendant argues that where "a symptom can be reasonably controlled by medication or treatment, it is not disabling." (Document No. 9, p.16) (citing Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 2017)). Defendant states that the ALJ repeatedly pointed to evidence showing Plaintiff's symptoms were improved by medication and therefore those symptoms were not disabling. (Document No. 9, p. 17).

The undersigned finds that the ALJ properly noted Plaintiff's ability to obtain treatment. The ALJ adequately references periods where Plaintiff experienced more severe symptoms because of an inability to access treatment. (Tr. 50-52). However, the ALJ also cited to evidence in the record showing that despite brief periods where Plaintiff lost her insurance due to changes in work, overall, Plaintiff has had adequate access to medical treatment. (Tr. 50-51) see also (Tr. 436 (records from 2016, showing Plaintiff is tolerating her diabetes medication well); Tr. 439 (records from 2016, showing Plaintiff's doctor is exploring other medications to help with her peripheral neuropathy); 461-462 (records from 2016, showing improvements of her rheumatoid arthritis with a new medication)). The undersigned agrees that remand is inappropriate based on this alleged error.

Overall, the undersigned is persuaded that the ALJ conducted a thorough review and that substantial evidence supports her decision. As noted above, it is not for this Court to re-weigh the evidence.

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>Johnson v. Barnhart</u>, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will direct that the Commissioner's decision be affirmed.

**IT IS, THEREFORE, ORDERED** that: Plaintiff's "Motion For Summary Judgment" (Document No. 7) is **DENIED**; "Defendant's Motion For Summary Judgment" (Document No. 8) is **GRANTED**; and the Commissioner's determination is **AFFIRMED**.

**SO ORDERED**.

Signed: June 20, 2018

David C. Keesler
United States Magistrate Judge